**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANG JI NAN, a.k.a. Matsuo Kihara, | No. 08-70863 |
| Petitioner, | Agency No. A098-741-220 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Chang Ji Nan, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Nan failed to establish that a protected ground would be one central reason for the harm he fears by loan sharks or the police with whom the loan sharks purportedly have a close connection. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to reverse the agency's finding "we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original)); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Nan's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

We lack jurisdiction to review any challenge to the IJ's denial of CAT relief because Nan failed to exhaust that claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (only issues raised and argued in a petitioner's brief before the BIA will be deemed exhausted when a brief is filed).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-70863